

COMMONWEALTH OF PENNSYLVANIA
### OFFICE OF ATTORNEY GENERAL

JOSH SHAPIRO
ATTORNEY GENERAL

June 25, 2021

Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone (717) 712-2037
akorn@attorneygeneral.gov

**Magistrate Judge Sarah Netburn**
**Thurgood Marshall**
**United States Courthouse**
**40 Foley Square**
**New York, NY 10007**

Re: <u>Rosemary Scott Sumter Saw Creek, et al. v. Jessica Keith, et al.</u>
21cv3723 (GBD) (SN) (S.D.N.Y.)

Dear Judge Netburn:

I am counsel to Defendant Jessica Keith in the above-captioned matter and I write pursuant to the Court's Order to Show Cause dated May 28, 2021 (*see* Doc. 10) and in response to the Plaintiff's opening brief dated June 9, 2021. *See* Doc. 14. In the Order to Show Cause the Court directed Plaintiff to show "why this case should not be dismissed either because she cannot bring claims on behalf of others or an organization, or because this case should have been filed in the Middle District of Pennsylvania." Doc. 10. Plaintiff has done neither and this case should be dismissed for the following reasons.

*<u>First</u>*, as a non-lawyer, Plaintiff cannot bring claims on behalf of other individuals. *See Whitfield v. Johnson*, 763 F. App'x 106, 107 (2d Cir. 2019) ("On the merits, the district court correctly ruled that Whitfield and Torres (non-attorneys) cannot bring claims on behalf of others."); *Rodriguez v. Eastman Kodak Co.*, 88 F. App'x 470, 471 (2d Cir. 2004) ("Although plaintiffs have a right to proceed pro se in civil actions pursuant to 28 U.S.C. § 1654, a pro se plaintiff may not seek to represent the interests of third-parties."). Nonetheless, Plaintiff is explicit that she is attempting to do just that. In particular, Plaintiff alleges that she is a "Tribal Council Member of the Saw Creek and Pine Ridge Indian Tribal Communities" and that she is asserting claims in this case on behalf of six other purported members. Doc. 14-1 and 14-2; *see id.* (asserting that venue is proper in this Court because "[t]he Plaintiff resides in the Southern District Court of New York jurisdiction" and the six other purported members on whose behalf the claims are bought allegedly "will not/would not receive a fair hearing/and or trial" because of

publicity stemming from related state law criminal charges that are pending in Pennsylvania). As a non-lawyer Plaintiff may not bring claims on behalf of these other six individuals and the case should be dismissed for this reason alone. *See Whitfield supra* (affirming order of district court granting motion to dismiss).

**Second**, Plaintiff also cannot assert claims directly on behalf of the entity she refers to as the Saw Creek and Pine Ridge Indian Tribal Communities. Plaintiff alleges that this entity is a "government" that "is recognized in the States of New York and Pennsylvania." Doc. 14-3. Under 28 U.S.C. § 1654, Plaintiff may not bring claims pro-se on behalf of a distinct governmental legal entity and the case should be dismissed for this separate reason as well. *See United States ex rel. Mergent Servs. v. Flaherty,* 540 F.3d 89, 92 (2d Cir. 2008) (holding that plaintiffs could not proceed pro se where "the injury, and therefore, the right to bring the claim belongs to the United States").

**Third**, the case should also be dismissed because venue is improper. 28 U.S.C. § 1391(b) provides:

> (b) Venue in general.--A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, there is no allegation that any defendant resides in New York or that any of the events that give rise to the claim have occurred in New Yok. To the contrary, the only connection between this case and New York is the allegation that Plaintiff resides in New York. *See* Doc. 14-1. That attenuated connection is insufficient under § 1391(b) and the case should also be dismissed for this reason. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

For the foregoing reasons, Defendant Jessica Keith respectfully requests that this case be dismissed.

Respectfully submitted,

*/s/ Alexander T. Korn*
**ALEXANDER T. KORN**
**Deputy Attorney General**

CERTIFICATE OF SERVICE

      I, Alexander T. Korn, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on June 28, 2021, I caused to be served a true and correct copy of the foregoing letter motion to Magistrate Judge Sarah Netburn to the following:

VIA FIRST CLASS MAIL

Rosemary Scott Sumter
1735 Madison Avenue #13E
New York, New York 10029