**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ROSEMARY SCOTT SUMTER,                 :

                   Plaintiff,       :

     -against-                      :

JESSICA KEITH; CRAIG LOWE        :
and RAYMOND TONKIN.             :

                              :

                    Defendants     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

21 Civ. 3723 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Rosemary Scott Sumter, a tribal council member of the Saw Creek and Pine Ridge Indian Communities, initiated this action on behalf of six individuals who she claims to be tribal officials ("Tribal Officials") against the Warden of the Pike County Correctional Facility, Craig Lowe, the Chief Executive Officer of the Norristown State Hospital, Jessica Keith, and the District Attorney for Pike County, Raymond Tonkin ("Defendants") under to 42 U.S.C. § 1983.[1] (Complaint, ECF 1, at 1, 9.) Plaintiff alleges that on November 18, 2019, the Tribal Officials were wrongfully arrested by troopers of the Pennsylvania State Police in Pike County, charged with trespassing and other state law crimes, and prosecuted on the basis of suppressed and fabricated evidence in the Pike County Court of Common Pleas. (*Id.* at 27-35.) Plaintiff also alleges that the Tribal Officials were falsely imprisoned at the Pike County Correctional Facility and involuntarily committed to the Norristown State Hospital, in violation of their constitutional and human rights. (*Id.* at 39-50.)

---

[1] The Tribal Officials are Keeba Scott Harris, Adam Abdur-Rahim, Musa Abdur-Rahim, Sushane Adams Heylinger, Troy Anthony Sutton, and Sekon Rashid Abdullah. (Complaint at 9.)

1

On May 28, 2021, Magistrate Judge Sarah Netburn issued an order requiring Plaintiff to show cause why this case should not be dismissed because she cannot bring claims on behalf of others or an organization, and because this case should have been filed in the Middle District of Pennsylvania. (Order to Show Cause, ECF No. 10, at 1.) In response, Plaintiff argues that venue is proper because she resides in this district and that this Court would provide a "fair hearing" given its experience and reputation handling "American Indian [l]aw." (Letter dated June 10, 2021, ECF No. 14., at 1-2.) Defendants Lowe and Tonkin jointly respond, arguing that this case should be dismissed due to the Plaintiff's lack of standing and lack of personal jurisdiction. (Letter dated June 14, 2021, ECF No. 13, at. 2, 4.) Defendant Keith argues separately that this case should be dismissed due to the Plaintiff's lack of standing and improper venue. (Letter dated June 25, 2021, ECF No. 19, at 1-2.) On August 26, 2021, Plaintiff filed a request to amend her complaint. (Petition to Amend Complaint, ECF No. 28, at 1.)

Before this Court is Magistrate Judge Netburn's Report, recommending that Plaintiff's complaint be dismissed and leave to amend be denied. (Report at 1.) Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.*) No objections have been filed by the parties. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When no party files objections to a Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F.Supp.2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson*, 618 F.Supp. at 1189); *Wilds v. United Parcel Service, Inc.*, 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need

2

only satisfy itself that there is no clear error on the face of the record") (internal citations and quotation marks omitted).

Magistrate Judge Netburn appropriately found that dismissal is warranted due to fatal deficiencies in standing. (Report at 1.) First, the Complaint does not allege that Plaintiff suffered an injury, and instead seeks relief for injuries allegedly suffered by the Tribal Officials. (Report at 6.) However, a plaintiff may not sue for the legal rights and interests of third parties. *See e.g.*, *Swift v. Tweddell*, 582 F.Supp.2d 437, 449 (W.D.N.Y. 2008) (incarcerated *pro se* plaintiff lacked standing to bring § 1983 action on behalf of other inmates). Accordingly, Plaintiff lacks standing to pursue this action. Second, Plaintiff lacks capacity to sue. Plaintiff is not an attorney, and therefore may not represent the Tribal Council as a corporate entity. *See Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (holding that a corporation cannot proceed *pro se* and must be represented by an attorney licensed to practice law.)

Magistrate Judge Netburn also appropriately found dismissal warranted due to improper venue. (Report at 6.) As the Report notes, Defendants reside in Pennsylvania and the underlying events occurred in Pennsylvania. (Report at 7.) Only Plaintiff resides in this district. Accordingly, the proper venue for this case is the Middle District of Pennsylvania where the events giving rise to the claim occurred. 28 U.S.C. § 1391(b)(1); *see also Okereke v. Allen*, No. 14-cv-3368 (LAK)(JCF), 2015 WL 5508888, at *2 (S.D.N.Y. July 29, 2015) (venue improper where based only on plaintiff's residence.)

Magistrate Judge Netburn also appropriately found that amendment of Plaintiff's Complaint would be futile since Plaintiff's proposed amendments do not cure the fatal deficiencies of venue and standing in the original Complaint. (Report at 8-9.)

**CONCLUSION**

Magistrate Judge Netburn's Report is ADOPTED in its entirety. Plaintiff's Complaint is

dismissed with prejudice and Plaintiff's motion for leave to amend the Complaint, (ECF No. 28),

is DENIED.[2] The Clerk of Court is directed to close the motions and this case accordingly. The

Clerk of Court is directed to mail a copy of this memorandum decision and order to Plaintiff.

Dated: New York, New York
       February 17, 2022

SO ORDERED.

George B. Daniels

GEORGE B. DANIELS
United States District Judge

---

[2] The Clerk of Court is directed to close Plaintiff's petition for discovery, (ECF No. 22), and her petition to amend discovery, (ECF No. 29), as moot.

4